

SIGNED this 12th day of October, 2021

Nicholas W. Whittenburg
**UNITED STATES BANKRUPTCY JUDGE**

_____

## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE EASTERN DISTRICT OF TENNESSEE
## WINCHESTER DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Crystal Dawn Rigney, | ) | No. 4:20-bk-12437-NWW |
| | ) | Chapter 7 |
| Debtor. | ) | |
| | ) | |
| Dr. Gil Center for Back, Neck | ) | |
| and Chronic Pain Relief, | ) | |
| | ) | |
| Plaintiff. | ) | |
| | ) | |
| v. | ) | Adv. No. 4:21-ap-01002-NWW |
| | ) | |
| Crystal Dawn Rigney, | ) | |
| | ) | |
| Defendant. | ) | |

## M E M O R A N D U M

Before the court is the defendant's post-judgment motion for an award of

attorney's fees totaling $12,120.00 pursuant to 11 U.S.C. § 523(d). Having considered

the motion and the plaintiff's response, and based on the entire record in this adversary
proceeding, the court denies the motion.

## I. Background

In November 2015, the defendant was involved in an automobile collision. She
suffered injuries and sought treatment from the plaintiff during the spring of 2016.

As a condition to receiving treatment, the defendant executed an Assignment of
Insurance Benefits and Proceeds of Claim and an Assignment of Benefits and Payment
Agreement (collectively, the "Assignments"). Pursuant to the Assignments, the
defendant assigned to the plaintiff her interest in any insurance benefits to the extent of
charges for the plaintiff's services. Additionally, the defendant executed a Doctor's Lien
whereby she granted the plaintiff a lien encumbering the proceeds of any settlement,
judgment, or verdict resulting from the collision.

After receiving her last treatment from the plaintiff, the defendant received
$25,000.00 from Progressive Insurance Company, the insurance company providing
liability coverage for the other driver to the collision. Although the proceeds had been
assigned to the plaintiff, she did not use any of the proceeds to pay the plaintiff's
outstanding balance totaling $4,835.00. The defendant filed a petition for relief under
chapter 7 of the Bankruptcy Code on September 14, 2020. The plaintiff commenced
this adversary proceeding with the filing of its complaint on January 18, 2021.

The complaint sought a declaration that the $4,835.00 debt owed to the plaintiff
for chiropractic service rendered was nondischargeable pursuant to 11 U.S.C.
§ 523(a)(2)(A) (money, property or services obtained by false pretenses, a false
representation, or actual fraud), § 523(a)(4) (fraud or defalcation while acting a a

- 2 -

fiduciary capacity, embezzlement, or larceny), and § 523(a)(6) (willful and malicious

injury). As explained more fully in the court's July 8, 2021 order, on cross-motions for

summary judgment, the court dismissed the 11 U.S.C. § 523(a)(2)(A) count. Doc. no.

17. A trial was conducted on August 16, 2021, for the remaining two counts. Following

the trial the court declined to declare the debt nondischargeable for the reasons stated

in the court's memorandum opinion entered on August 27, 2021. Doc. no. 25. The

defendant timely filed the pending motion for attorney's fees pursuant to 11 U.S.C.

§ 523(d).

## II. Legal Analysis

For lawsuits based upon federal law, the "American rule" is that each party is

responsible for its own attorney's fees, unless a statue or an agreement between the

parties specifically provide otherwise. *See Alyeska Pipeline Serv. v. Wilderness Soc'y*,

421 U.S. 240, 257 (1975). The defendant cites 11 U.S.C. § 523(d) as a statutory

predicate for shifting responsibility for payment of the defendant's legal fees from the

defendant to the plaintiff. This section states:

> If a creditor requests a determination of dischargeability of a consumer
> debt under subsection (a)(2) of this section, and such debt is discharged,
> the court shall grant judgment in favor of the debtor for the costs of, and a
> reasonable attorney's fee for, the proceeding if the court finds that the
> position of the creditor was not substantially justified, except that the court
> shall not award such costs and fees if special circumstances would make
> the award unjust.

Courts have interpreted Section 523(d) to contain four elements: 1) a creditor

requests a determination of dischargeability under Section 523(a)(2), 2) the debt is a

consumer debt, 3) the consumer debt is discharged, and 4) the creditor's position lacks

substantial justification. *See, e.g.*, *Rochester Hills Chrysler Plymouth v. Phillips (In re*

*Phillips)*, 153 B.R. 758, 763 (Bankr. E.D. Mich. 1993). The debtor bears the burden of

proving the first three elements, and then the burden shifts to the creditor to

demonstrate that its position was substantially justified. *See, e.g.*, *Am. Sav. Bank v.*

*Harvey (In re Harvey)*, 172 B.R. 314, 317 (B.A.P. 9th Cir. 1994). If the position was

unjustified, then the court considers whether there are any special circumstances that

would make an award of attorney's fees unjust. *Phillips*, 153 B.R. at 763.

## A. While the Defendant Has Satisfied Her Burden of Proof Under Section 523(d), She Is Not Entitled to Recover the Full Amount of the Attorney's Fees Requested.

Undisputably, the first three elements of Section 523(d) have been satisfied. The

complaint seeks a declaration that the defendant's debt to the plaintiff is

nondischargeable pursuant to Section 523(a)(2). The debt for chiropractic services is a

"consumer debt" within the definition of 11 U.S.C. § 101(8). Finally, the court

determined after a trial that the debt is dischargeable, and the defendant has received a

discharge. Having satisfied her burden of proof, the defendant maintains that, absent a

showing by the plaintiff that the filing of the complaint was substantially justified or that

special circumstances exist rendering the award unjust, she is entitled to recover all the

legal fees incurred in successfully defending the action. The court disagrees.

By its terms, Section 523(d) provides for the recovery by a debtor of reasonable

attorney's fees incurred successfully defending a request to declare a consumer debt

nondischargeable under only Section 523(a)(2). If a creditor's challenge to the

dischargeability of a debt is premised on other grounds, such as Section 523(a)(4) and

523(a)(6), Section 523(d) has no application. *See, e.g.*, *Colbert v. Colbert (In re*

*Colbert)*, 185 B.R. 247, 248 (Bankr. M.D. Tenn. 1995) (citing *In re Myers*, 61 B.R. 891,

- 4 -

896 (Bankr. N.D. Ga.1986)); *Swenby v. Swenby (In re Swenby)*, 529 B.R. 705, 710–11

(Bankr. W.D. Wis. 2015) (denying award of fees because resources devoted to Section

523(a)(2) were trivial compared to resources dedicated to Section 523(a)(4) and (6));

*Grynevich v. Grynevich (In re Grynevich)*, 172 B.R. 888, 894 (Bankr. N.D. Ill. 1994)

(denying award of fees because determination was sought pursuant to Section

523(a)(4), (5), and (6), not Section 523(a)(2)); *Phillips*, 153 B.R. at 763–64 (awarding

reduced fees related to Section 523(a)(2) only, not Section 523(a)(4) and (6)). Because

the plaintiff's complaint asserted counts under Section 523(a)(4) and (a)(6) in addition

to a count under Section 523(a)(2)(A), even assuming that the plaintiff's position was

not substantially justified and that special circumstances do not exist making the award

unjust, the defendant would be entitled to recover the attorney's fees she incurred in the

defense of only the latter count.

The defendant's motion included an itemized statement of legal fees. The

statement does not separate the time entries for legal services rendered for the defense

of each count in the complaint. Certainly the fees incurred preparing for and

participating in the trial after the court granted in part the defendant's motion for

summary judgment dismissing the Section 523(a)(2)(A) count are not recoverable.

Considering the remainder of the statement, it is impossible for the court to determine

the fees attributable solely to the defense of the Section 523(a)(2)(A) count. In the

court's experience, attorneys do not regularly maintain time records based on time

devoted to each count in a multi-count complaint. It would be difficult to do so in a case

such as this in which the same purported misconduct, the defendant's misappropriation

of insurance proceeds, served as the factual foundation for each count. It may be

- 5 -

possible for the defendant's counsel, after reviewing his file and time records, to amend

the statement or to provide evidence to assist the court to fairly allocate the fees

incurred in the defense of the Section 523(a)(2)(A) count. However, further refinement

of counsel's fee statement is unnecessary because, as discussed below, the court finds

that the plaintiff's inclusion of the count under Section 523(a)(2) was substantially

justified.

**B. The Plaintiff Was Substantially Justified in Its Decision to Assert a Claim Under Section 523(a)(2).**

Section 523(d) was modeled after the Equal Access to Justice Act, and when

defining "substantially justified" in that act, the Supreme Court held it to mean that a

claim has a reasonable basis in both law and fact. *Pierce v. Underwood*, 487 U.S. 552,

565 (1988) (interpreting the term "substantially justified" as used in 28 U.S.C.

§ 2412(d)(1)(A)); *see also First Card v. Hunt (In re Hunt)*, 238 F.3d 1098, 1103 (9th Cir.

2001) (citations omitted). Therefore, for an action to declare a consumer debt

nondischargeable under Section 523(a)(2) to be "substantially justified," the creditor

bears the burden of showing that: 1) there is a reasonable basis for the facts asserted,

2) there is a reasonable basis in the law for the legal theory proposed; and 3) there is

support for the legal theory based on the alleged facts. *Fia Card Servs., N.A. v. Dunbar*

*(In re Dunbar)*, No. CV 11–159–M–DWM, 2012 WL 1757427, at *2 (D. Mont. 2012);

*Com. Fed. Bank v. Pappan (In re Pappan)*, 334 B.R. 678, 683 (B.A.P. 10th Cir. 2005).

Section 523(a)(2)(A) excepts from discharge "any debt for money, property, [or]

services, . . . to the extent obtained by false pretenses, a false representation, or actual

fraud." The court acknowledges that by order entered on July 8, 2021, the court granted

in part the defendant's motion for summary judgment and dismissed the plaintiff's

Section 523(a)(2)(A) count, reasoning that the record was devoid of any evidence

suggesting the defendant made any false representation to induce the plaintiff to

provide medical treatment. Doc. no. 17. The summary dismissal of that count suggests

that its inclusion in the complaint was not substantially justified. However, finding that

there was no genuine issue of fact regarding whether the defendant made a fraudulent

misrepresentation does not end the inquiry.

Section 523(a)(2)(A) excludes from discharge debts for money, property or

services obtained by "actual fraud" in addition to debts arising from a debtor's false

pretenses and representations. *Husky Int'l Elecs., Inc. v. Ritz*, 578 U.S. 356 (2016)

(holding that "actual fraud" in Section 523(a)(2)(A) encompasses fraudulent conveyance

schemes, even when those schemes do not involve a false representation). Actual

fraud does not require a misrepresentation by the debtor. *Id.* Actual fraud may involve

any act of deceit, artifice, trick, or design intended to hinder, delay, harm, or cheat

another. *Haney v. Copeland (In re Copeland)*, 291 B.R. 740, 760 (Bankr. E.D. Tenn.

2003); 4 COLLIER ON BANKRUPTCY ¶ 523.08[1][e] (Lawrence P. King ed., 15th ed. rev.

2002).

The entirety of the plaintiff's complaint rests on allegations that the defendant

misappropriated insurance proceeds in which the plaintiff held a legal interest. Such

misappropriation, if accomplished with the requisite fraudulent intent to cheat, hinder, or

harm the plaintiff, may constitute "actual fraud" as that term is used in Section

523(a)(2)(A). Therefore, there is both a reasonable basis in the law for the plaintiff's

reliance on Section 523(a)(2)(A) in its complaint and support for the legal theory based

on the facts alleged in the complaint. Thus, whether the plaintiff's inclusion of the

Section 523(a)(2)(A) count in the complaint was substantially justified turns on whether

there is a reasonable basis for the facts alleged in the complaint.

It is undisputed that prior to receiving treatment the defendant executed the

Assignments whereby she assigned to the plaintiff any insurance proceeds to the extent

necessary to satisfy the sums owing for services provided. She also granted the plaintiff

a lien on any insurance proceeds to secure her debt to the plaintiff. It is also undisputed

that the defendant received $25,000.00 in proceeds, and contrary to the terms of the

Assignments and Doctor's Lien, failed to remit any of the proceeds to the plaintiff. In her

affidavit submitted in support of her motion for summary judgment and at trial, the

defendant maintained that, at the time she received the insurance proceeds, she

assumed that the plaintiff's charges for treatment had been paid by her health

insurance carrier. Accordingly, it was the defendant's position that she did not act with

any fraudulent intent necessary to support a declaration that the debt is

nondischargeable under Section 523(a)(2), (4), or (6). On the other hand, at trial the

plaintiff presented proof suggesting that the defendant was aware that the plaintiff did

not seek payment of the charges from the defendant's health insurance carrier. Further,

there was also proof suggesting that the plaintiff's agent had communicated with the

defendant and that she was aware that the debt for services provided by the plaintiff

remained outstanding prior to the defendant's receipt of the insurance proceeds. After

considering the conflicting proof, the court accepted the defendant's position and

declined to declare the defendant's debt nondischargeable by finding that the plaintiff

had narrowly failed to satisfy its burden of proof. The court did not find that the plaintiff's

claims had no factual basis. Instead, the evidence only weighed marginally in the defendant's favor. Considering the entire record in this case, the court finds that the plaintiff's request for a declaration that its claim was nondischargeable pursuant to Section 523(a)(2)(A) had a reasonable basis in both law and fact. Accordingly, the court finds that the inclusion of such claim was substantially justified.

### III. Conclusion

For the reasons stated herein, the court will enter a separate order consistent with this opinion denying the defendant's motion for an award of attorney's fees pursuant to Section 523(d).

###